Horatio R. Bennett, *v.* Amherst Everett, Adm'r. of Willard Joslin.

HORATIO R. BENNETT, *v.* AMHERST EVERETT, ADM'R. OF WILLARD JOSLIN.

To renew a debt barred by a Bankrupt Certificate, there must be an express promise by the bankrupt himself to pay it: but any words, or perhaps signs or acts, which signify a present willingness to pay the debt, and which are intended to convey that idea to the hearer, are sufficient to constitute such a promise.

It is not necessary that such promise be made to the creditor himself, but it must directly refer to the debt.

Whether such a promise is proved, is always a question to the jury, upon the evidence.

THIS was assumpsit upon two promissory notes, holden by the plaintiff as endorsee.   Willard Joslin, the maker, subsequent to the making of the notes, obtained a certificate under the Bankrupt Law of the United States, and this certificate was pleaded in bar of this action against his administrator.   To this plea the plaintiff replied a new promise: and upon the replication, issue was joined.   At the March term 1854, on the fourth day, the cause was submitted to a jury, who returned a verdict for the plaintiff, whereupon on the seventh day, the defendant filed a motion for a new trial, alleging as a ground, a misdirection by the late Justice Haile, in his charge to the jury.

A rule of the Court requires that whenever a motion shall be filed for new trial, grounded on any alleged error

in the charge of the Court, " the terms of the charge, in the particulars complained of, shall be presented to and allowed by the Court or one of the justices thereof, within two days from the time the verdict was rendered."

It appeared by the statement of defendant's counsel that the motion filed in this case, was at the time of the filing brought to the notice of Judge Haile, but that neither said motion or any statement of the terms of the charge, in the particulars complained of, was presented to the Court or any justice thereof for allowance. At the present term, the counsel for the defendant submit a supplemental motion, setting forth these facts, and the death of Judge Haile soon after the delivery of the charge in said case, and before its terms had been examined and allowed by him; and now, producing a copy of the whole charge by him delivered, ask the trial of their original motion, and that the said verdict may be set aside and a new trial granted; because " it was given in charge by the Court to the jury, that from the evidence in the cause they might infer an intention on the part of said Willard Joslin, deceased, to make an unequivocal promise to the plaintiff to pay the demand for which the action is brought; when there was no evidence given to the jury of an express and unequivocal promise to the defendant, on which an action could have been maintained, as on a new contract, nor from which the jury could infer such new contract."

*A. C. Greene* and *Bradley*, for the defendant. Nothing less than an unequivocal, express promise to pay, can renew a debt barred by a bankrupt's certificate. Evidence which might suffice to prove a new promise, when the statute of limitations only is pleaded, is insufficient to re-

move the bar presented by such a certificate. *Turner* v. *Chrisman*, (20 Ohio, 138.) *Branch Bank at Mobile* v. *Boykin*, (9 Ala. 120.) *Deering* v. *Mott*, (6 Ala. 776.) *Yoxthiemer* v. *Keyser*, (11 Penn. 364.) *Brown* v. *Collyer*, (8 Humph. 510.) *Prewett* v. *Caruthers*, (12 Mississippi, 491.) *Walbridge* v. *Harroon*, (8 Verm. 488.) *Merriam* v. *Bailey*, (1 Cush. 77.) *Kelly* v. *Pike*, (5 Cush. 485.) *Stafford* v. *Bryan*, (3 Wend. 532.)

*Potter*, for plaintiff. It is the jury's, not the Court's province, to determine whether a promise is proved as alleged. A willingness or intention on the part of the bankrupt to pay the debt, is all that it is requisite to prove, or for the jury to seek; and whether they find this in some single formal phrase or deduce it from a series of communications, oral or written, and from cotemporaneous acts and deportment, is unimportant. The evidence which proves a new promise as against the statute of limitations, must be held sufficient to prove one as against a bankrupt's certificate. *Alsop. et al.* v. *Brown*, (Douglas, 191.) *Assignee of Robertson* v. *Morgan*, (2 Espinasse, 736.) *Williams* v. *Robbins*, (32 Maine, 181.) *Haines* v. *Stauffer*, (13 Penn. 541.) *M'Kinley* v. *O'Keson*, (5 Barr, 369.) *Flemming* v. *Haynes*, (1 Starkie, 431.) *Newton* v. *Scott*, (9 Mee. and Wells, 434, and 10 same, 475.) *Shippy* v. *Henderson*, (14 Johnson, 178.) *Bowery Savings Bank* v. *Clinton*, (2 Sand. Sup. Ct., 113.) *Pratt* v. *Russell*, (7 Cushing, 462.) *Harris* et. ux. v. *Ira B. Peck, Adm'r.* (1 R. I. 262.) *Sherman* v. *Wakeman*, (11 Barb. Sup. Ct., 254.)

STAPLES, C. J. We have carefully examined the charge given to the jury in this cause, as contained in the minutes

of the late Judge Haile. The defendant has not the slightest reason to complain, that the law was not therein stated as favorably to him as any approved authorities would permit. We certainly are not inclined to go any further in the defendant's favor than he did. To renew a debt barred by a certificate of bankruptcy, there must be an express promise to pay it; express, as contradistinguished from the promise which under certain circumstances the law will imply from certain facts. This promise need not be to the holder of the debt, but it must refer to the debt, without question. No particular form of words need be used to constitute this promise. Any words, or perhaps signs or acts, which signify a present willingness to pay the debt, and which are intended to convey that idea to the hearer, are sufficient. The natural import of the words used must be a contract to discharge by payment the moral obligation that remains out of the debt discharged by the certificate. A bare acknowledgment of the justness of the debt, of its present existence as a debt formerly contracted and now unpaid, is not sufficient. Such statements as these will remove the bar of the statute of limitations, for from these, the law will imply a promise to pay. Not so, as relates to the bar of the bankrupt's certificate. The bankrupt must make the promise, and not leave it to the law to imply it. In this sense, the promise must be express. It must also be unqualified and unconditional, or else the party seeking to avail himself of it must show the condition performed. Here it corresponds with the kind of promise necessary to remove the bar of the statute of limitations.

Such we understand to be the meaning and language of the charge to the jury in this case. Whether such a

promise was made, the judge in the charge very properly left it to the jury to determine. The jury were left to inquire whether the language used by Joslin and the surrounding circumstances imported or intended an express and unequivocal promise, in the sense of the terms as before explained. This we think was their appropriate duty and office. They were furthermore to be satisfied from the evidence "that Joslin intended to make himself liable to pay, and that plaintiff so understood it," unequivocally and without any condition. This conclusion they should draw from the legal evidence in the cause. The motion must therefore be overruled, and the plaintiff have judgment on the verdict.